# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:09CV190-T-02
## (1:07CR32-2-T)

| | |
|---|---|
| KENYAR ANDRAKIOS GLOVER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM AND**<br>**O R D E R** |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, filed April 29, 2009.[1] No response is necessary from the Government.

---

[1] Petitioner's motion was received and filed by the Clerk on May 18, 2009. However, Petitioner's certification reflects that he delivered it to prison authorities for mailing to this Court on April 29, 2009. **See Motion to Vacate, at 11.** Therefore, Petitioner's motion shall be treated as having been filed as of April 29, 2009. ***Houston v. Lack*, 487 U.S. 266 (1988)**.

## I. STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S. C. § 2255**. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of the criminal proceedings, enters summary dismissal for the reasons stated herein.

## II. PROCEDURAL HISTORY

On April 3, 2007, Petitioner and five others were charged with conspiring to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 846. **Bill of Indictment, filed April 3, 2007**. On May 21, 2007, the Government filed an Information alleging that Petitioner had committed the instant offense after having been

convicted of a prior felony drug offense in the Superior Court of Cleveland County, North Carolina, in 2004.  **Information Pursuant To Title 21, U.S.C. § 851, filed May 21, 2007**.  This Information placed Petitioner on notice that in the event he was convicted of the conspiracy charge contained in the indictment, he would be subject to a statutorily enhanced punishment.

On June 21, 2007, Petitioner entered into a plea agreement with the Government whereby he agreed to plead guilty to the conspiracy charge, and he agreed that the amount of cocaine base known to or reasonably foreseeable by him was limited to at least 50 grams but less than 150 grams.  **Plea Agreement, filed June 28, 2007, at 1-2**.  On July 3, 2007, Petitioner appeared with counsel before the Magistrate Judge, at which time the Court engaged him in its standard, lengthy plea colloquy.  After hearing Petitioner's sworn assertions in response to its numerous questions, the Court determined that his guilty plea was knowingly and voluntarily tendered, and Petitioner's guilty plea was accepted by the Court.  **Rule 11 Appearance and Order of Acceptance of Plea, filed July 3, 2007**.

On April 22, 2008, Petitioner appeared before the Court for sentencing. Based on Petitioner's presence report, the Court determined that Petitioner's offense level was 27, his criminal history category was III, but that in light of the applicable statutory mandatory minimum term, Petitioner was facing 240-months imprisonment. **See Presentence Report, filed under seal February 7, 2008, ¶¶ 38, 47; 21 U.S.C. § 841(b)(1)(A)(iii) (20-year mandatory minimum if defendant has a prior conviction for a felony drug offense).** However, after granting the Government's motion for a downward departure pursuant to U.S. Sentencing Guidelines § 5K1.1, the Court sentenced Petitioner to 192 months imprisonment. **Judgment in a Criminal Case, filed May 8, 2008**. Petitioner did not file a direct appeal.

In his motion to vacate, Petitioner alleges: 1) that his attorney did not allow sufficient time for them to read, review and object to his Presentence Report; 2) that his attorney somehow misled him by telling Petitioner and the Court that "counsel mis[]understood what the prosecutor wanted. The prosecutor sa[id] she fel[t] that [Petitioner] was holding back"; 3) that he was not able to appeal because he was unable to contact his attorney and counsel did not return a call from Petitioner's wife; and 4) that

he was "enhanced right before [he] went in front of the judge and [his] attorney told [him] there was nothing [Petitioner] could have done about it."

### III.  DISCUSSION

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby.  **Strickland v. Washington, 466 U.S. 668, 687-91 (1984)**.  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  **Id. at 689**; *see also* **Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977)**.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "'*actual* and substantial disadvantage, infecting his trial with error of constitutional dimensions.'"  **Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)).**  Under these circumstances, Petitioner "bears the

burden of proving *Strickland* prejudice." **Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31).** Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." **Id. at 1290 (citing Strickland, 466 U.S. at 697)**.

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. **Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998)**. Rather, the Court "can only grant relief under . . . *Strickland* if the 'result of the proceeding was fundamentally unfair or unreliable.'" **Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993))**. Critically, because three of Petitioner's claims attempt to challenge his former attorney's conduct at sentencing, in order to demonstrate an entitlement to relief on those, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. **Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999)**.

Applying the foregoing principles to Petitioner's allegations that his attorney failed to allow ample time for the two of them to review and respond to his presentence report, that counsel somehow misled him, and

that his attorney told him that there was nothing which could be done about an otherwise unspecified enhancement which he reportedly received "right before [he] went in front of the judge," the Court finds that he has failed to state a claim for relief.

Specifically, Petitioner has failed to allege what, if any, matters contained in his presentence report he would have objected to, and how those objections would have made a favorable impact on his sentence. Furthermore, contrary to his claim that he received a last minute enhancement, the record discloses that the § 851 Information announcing Petitioner's exposure to an enhanced sentence by virtue of his prior felony drug conviction was filed at least a month before Petitioner entered his guilty plea. Moreover, because the enhancement was imposed pursuant to a statutory mandate by virtue of Petitioner's prior conviction, there really was nothing that defense counsel could have done, on his own, to defeat its operation.

In addition, to the extent that Petitioner's other allegation – that his attorney misled him and the prosecutor felt that he was "holding back" – somehow is a challenge to defense counsel's handling of his cooperation with the Government, this claim also must be rejected. To be sure, the

record reflects that despite any reservations as to the level or quality of his cooperation the Government may have had, Petitioner still was able to receive a four-year sentence reduction for his assistance to authorities. Equally importantly, Petitioner has not identified a single piece of information which he would have presented but for his attorney's alleged deficiency. Ultimately, therefore, these claims do not entitle Petitioner to any relief.

Finally, as to Petitioner's claim that he was "not able to appeal" because he could not contact his attorney, the Court finds that this allegation also falls far short of stating a claim for relief. First, Petitioner does not allege that his attorney failed to consult with him about his appellate rights and options. Second, Petitioner's vague allegation that he could not contact his attorney also does not suggest any deficiency or misconduct on his attorney's behalf. Indeed, Petitioner does not allege that he sent letters or other correspondence to counsel which either were returned unopened or ignored. Third, Petitioner fails to state on what date he made his unsuccessful attempt to reach his former counsel. Thus, the bare assertion that Petitioner was unable to contact his attorney does not entitle him to any relief.

Similarly, Petitioner's allegation that his former attorney would not return calls from his wife is far too vague to set forth a claim for relief. As with the other assertion, Petitioner did not provide specific dates or other information for this Court to determine whether his wife's efforts were undertaken during a relevant time period. In fact, Petitioner has failed to provide the Court with any details which can establish an entitlement to relief. In sum, this claim fails to allege any facts to establish either that counsel failed to advise Petitioner of his appellate rights, or that Petitioner made a request for an appeal which counsel was aware of, but failed to honor. ***See, e.g., Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) (recognizing an obligation for counsel routinely to consult with their clients about their appellate options); *and United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007) (finding that attorneys are ineffective when they fail to honor defendants' requests for appeals, notwithstanding the probable lack of success of such appeals)**. Consequently, this claim is also without merit.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED**, and the action is dismissed by way of Judgment filed herewith.

Signed: June 9, 2009

Lacy H. Thornburg
United States District Judge