# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00243-MR
# (CRIMINAL CASE NO. 1:07-cr-00032-MR-2)

| | |
|---|---|
| KENYAR ANDRAKIOS GLOVER, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's Petition for Relief under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; Alternative Petitioner for a Writ of *Audita Querela* [Doc. 1].

On May 14, 2015, the United States Probation Office filed a Supplemental Presentence Report (PSR), recommending that the Petitioner receive a sentence reduction pursuant to Guideline Amendment 780. [Criminal Case No. 1:07-cr-00032-MR-2 (CR), Doc. 314]. The Petitioner, through counsel, immediately filed a response to the PSR, agreeing that a sentence reduction was warranted. [CR Doc. 316]. On May 18, 2015, the Government filed a response, also agreeing to a sentence reduction. [CR Doc. 319]. The Government filed a corrected response on May 19, 2015.

[CR Doc. 320]. On _____, 2015, the Court granted the Petitioner relief pursuant to 18 U.S.C. § 3582 and reduced his sentence to time served. [CR Doc. __]. The Petitioner has been released from confinement and has begun his five-year term of supervised release imposed as a part of his original sentence. [See CR Doc. 162 at 3].

By the present motion, the Petitioner seeks resentencing without the application of the mandatory minimum resulting from the filing of a 21 U.S.C. § 851 Information in his criminal case. [See CR Doc. 54]. As his basis for seeking such relief, the Petitioner contends that his underlying North Carolina drug trafficking conviction is not a predicate "felony drug offense," as defined by 21 U.S.C. § 802(44), citing United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). [Doc. 3 at 3-14]. The Government has filed a response supporting the Petitioner's contention. [Doc. 6]. The Petitioner, however, already has been released from his term of imprisonment, and any reduction to which he might have been entitled without the § 851 enhancement would have no effect on the length of his term of supervised release. Accordingly, the Petitioner's petition is moot and shall be denied as moot.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition [Doc. 1] is **DENIED AS MOOT**.

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge